**HEART OF the VALLEY METROPOLITAN SEWERAGE DISTRICT, Plaintiff,**

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Defendant.**

**No. 80–C–382.**

United States District Court, E. D. Wisconsin.

Nov. 27, 1981.

Donald B. Green, Kaukauna, Wis., for plaintiff.

Charles H. Bohl, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

In this civil action, plaintiff Heart of the Valley Metropolitan Sewerage District (District) challenges a final decision of the defendant United States Environmental Protection Agency (EPA) upholding a prior determination by the Regional Administration, Region V, that the District's purchase of a wastewater treatment plant from the City of Kaukauna, Wisconsin was not eligible for grant funding. The District alleges the EPA's decision was arbitrary and inconsistent with the regulations governing grant agreements under the Federal Water Pollution Control Act Amendments of 1972, 33 U.S.C. § 1281 *et seq.* (FWPCA). The District seeks relief in the form of an order reversing the EPA's decision and holding that the acquisition of the wastewater treatment center by the District is grant eligible.

Currently pending before the Court is the EPA's motion to dismiss for lack of subject matter jurisdiction and for failure to state a

claim upon which relief can be granted. Because the Court has concluded it is without jurisdiction to resolve the District's claim, it will not be necessary to address the EPA's contention that the District's complaint fails to state a claim upon which relief can be granted.

## I. FACTUAL BACKGROUND

The events leading up to the commencement of this action date back to December 13, 1975 when the District acquired the Kaukauna wastewater treatment plant from the City of Kaukauna for $525,000.00. Although the District did not obtain advance written approval of the acquisition from the EPA, in June of 1976 it filed an application with the Wisconsin Department of Natural Resources (DNR) for a grant to fund the costs of the acquisition of the Kaukauna plant and new construction at the plant. On June 24, 1976, the DNR certified the grant application to the EPA.

On September 23 and October 10, 1976, the EPA Regional Administration, Region V, entered written determinations denying the grant eligibility of the $525,000.00 acquisition cost of the Kaukauna plant on substantially two grounds. First, the EPA concluded it had already participated in the cost of the Kaukauna treatment plant to the maximum statutory funding limit. Second, the Deputy Attorney General Counsel for EPA concluded, in substance, that a municipality is not eligible to receive a grant to purchase an existing treatment works because an acquisition does not constitute "construction." With minor exceptions not at issue here, the Region approved the new construction portion of the grant application and awarded a grant for $4,831,-100.00.

On October 27, 1976, the District appealed EPA's determination disallowing the acquisition of the Kaukauna treatment works as an eligible grant cost under the 1972 Amendments. The appeal was taken pursuant to the disputes provisions of the EPA regulations governing grant awards. 40 C.F.R. §§ 30.1100–1125 and 35.960. A hearing on the appeal was held on March 26 and 27, 1979.

On February 28, 1980, the EPA Board of Assistance Appeals, in a written opinion, denied the District's appeal. In denying the appeal, the Board declined to address either the failure of the District of obtain advance written approval of the acquisition from EPA or the cost eligibility of the acquisition under section 201 of the 1972 Amendments, 33 U.S.C. § 1281. Rather, the Board focused its attention on the funding heritage of the Kaukauna treatment works and reached three major conclusions: (1) that existing treatment works could not be funded by EPA beyond 55 percent funding provided under section 206(a) of the 1972 Amendments, 33 U.S.C. § 1286(a); (2) that EPA and its predecessor, the Federal Water Pollution Control Administration, had already funded 55 percent of the costs of constructing the Kaukauna treatment works, pursuant to Section 8 of the Federal Water Pollution Control Act, Pub.L. 84–660 as amended, 33 U.S.C. § 1158, and section 206(a) of the 1972 Amendments; and (3) that the 55 percent maximum funding limit applied to the District's acquisition, regardless of the District's intention to incorporate the Kaukauna treatment works into a new project.

Following the decision of the EPA Board of Assistance Appeals, the District instituted this action.

## II. JURISDICTION

In its motion to dismiss, the EPA contends the District's claim against it is, in fact, a claim for monetary relief against the Government in an amount in excess of $10,-000.00. It further contends the claim is based on a grant contract, an Act of Congress or regulation of an executive department. Because the Tucker Act, 28 U.S.C. § 1491, vests the Court of Claims with exclusive jurisdiction in actions against the United States for monetary relief in amounts greater than $10,000.00 when such actions are founded upon Acts of Congress, regulations of executive departments, or contracts with the United States, the EPA contends the District's claim is outside the subject matter jurisdiction of this Court.

The District takes issue with the EPA's contention that this is an action for monetary relief. It maintains it is not asking the Court to render a monetary judgment in its favor but is only asking the Court to hold that the EPA's decision was arbitrary and inconsistent with the regulations governing FWPCA grant agreements. Because such a decision would not automatically require a disbursement from Government coffers, but would merely require the EPA to complete its review of the District's grant application to determine the reasonableness of the acquisition cost and cost-effectiveness of the program, the District asserts its claim is not for monetary relief.

■ The Court disagrees. Although the District's prayer for relief is not couched in terms of monetary relief, a reading of the complaint in its entirety reveals that the District's claim for grant money constitutes the keystone of this action. Although the complaint does not specifically seek monetary relief, when the prime effort of a complaining party is to obtain money from the federal government, the Court of Claims' exclusive jurisdiction over non-tortious claims above $10,000.00 cannot be avoided by framing a District Court complaint to appear to seek only mandatory, injunctive or declaratory relief. *Hoopa Valley Tribe v. United States,* 596 F.2d 435 (Ct.Cl.1979).

That any actual disbursement of Government funds would not take place until after the intermediate step of remanding the action to the EPA for completion of the District's application does not alter the Court's opinion. When a plaintiff's prime objective is to obtain money from the federal government, the intermediate steps to get that money do not govern the character of the action. *Concerned Citizens of Bushkill Township v. Costle,* 468 F.Supp. 21 (E.D.Pa. 1978), *aff'd.,* 592 F.2d 164 (3d Cir. 1979).

■ The Court's inquiry does not end with its finding that the District is seeking monetary relief in an amount greater than $10,000.00. The Court must also determine whether the claim is founded "on any Act of Congress, or any regulation of an executive department, or upon an express or implied contract with the United States." 28 U.S.C. § 1491.

■ The parties agree that the grants obtained under section 203(a) of FWPCA, 33 U.S.C. § 1283(a) are contractual obligations of the United States. The parties also agree that such a grant agreement is a contract enforceable in the Court of Claims. *See, e.g., City of Manassas Park v. United States,* 633 F.2d 181 (Ct.Cl.), *cert. denied,* 449 U.S. 1035, 101 S.Ct. 611, 66 L.Ed.2d 497 (1980); *Commonwealth of Massachusetts v. Connor,* 248 F.Supp. 656 (D.Mass.1966). The parties disagree, however, as to whether the refusal by the EPA to approve the District's acquisition grant request constitutes a dispute over a contract. Because it approved the new construction portion of the District's grant application, the EPA contends the District's claim is essentially a request for modification of the existing grant agreement and thus constitutes a contract claim under the Tucker Act. It contends any decision rendered in the District's favor will ultimately result in a modification of the grant agreement. Focusing solely on the EPA's refusal to grant the acquisition portion of its application, the District argues that the EPA's refusal to approve that portion of its application does not create a contract dispute.

The Court cannot accept the EPA's contention that the refusal to approve the acquisition portion of the District's grant request constitutes a contract dispute. The contract cases relied upon by the EPA for this proposition pertain to situations in which a grant application was approved and a dispute ensued as to what was included in the grant. Because the District is not seeking money under a grant, but is merely seeking grant approval, the Court finds the cases relied upon by the EPA unpersuasive.

The Court's rejection of the EPA's position is further supported by 28 U.S.C. § 1283, which states in pertinent part:

> The Administration shall act upon such plans, specifications, and estimates as soon as practicable after the same have

been submitted, and his approval of any such plans, specifications, and estimates shall be deemed a contractual obligation of the United States for the payment of its proportional contribution of such product.

Because only approved plans create contractual obligations binding the United States, the Court cannot characterize the EPA's refusal to approve the acquisition portion of the District's grant request as a contract dispute.

Having rejected the EPA's contractual arguments, the Court must now determine whether the District's claim can be characterized as a claim founded upon "any Act of Congress, or any regulation of an executive department." 28 U.S.C. § 1491.

In *Eastport S.S. Corp. v. United States*, 372 F.2d 1002 (Ct.Cl.1967), the Court of Claims discussed the two non-contractual claims within its jurisdiction—those in which a plaintiff has paid money to the Government and seeks its return, and those claims in which money has not been paid, but the plaintiff nonetheless asserts payment is due. To prevail on the second type of claim, a plaintiff must show "that the particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." *Id.* at 1007. Included in this second category are:

> ... the varied litigations in which [the Court of Claims is] urged to hold that some specific provision of law embodies a command to the United States to pay the plaintiff some money, upon proof of conditions which he is said to meet. * * * In this type of case, [the Court of Claims has] held, "a claimant who says that he is entitled to money from the United States because a statute or a regulation [or the Constitution] grants him that right, in terms or by implication, can properly come to the Court of Claims, at least if his claim is not frivolous but arguable." *Ralston Steel Corp. v. United States*, 340 F.2d 663, 337, 169 Ct.Cl. 119, 125 (1965), *cert. denied*, 381 U.S. 950, 85 S.Ct. 1803, 14 L.Ed.2d 723. *Id.* at 1008.

In its brief in opposition to the EPA's motion to dismiss, the District asserts its claim does not fit within *Eastport's* second non-contractual category because the statutes and regulations upon which he has founded his claim do not "mandate" or "command" the payment of money by the federal government. The District contends *Eastport's* second non-contractual category pertains only to those actions in which payment of money is commanded by a specific provision of law.

■ The Court does not agree. As the quoted portion of the *Eastport* decision indicates, both monetary claims based on specific statutory terms and monetary claims based on an implicit statutory grant lie with the exclusive jurisdiction of the Court of Claims. Inasmuch as the District complaint is based on its contention that 33 U.S.C. § 1281 *et seq.* and 40 C.F.R. § 35.-940–3(b) entitle it to reimbursement for the funds it expended in acquiring the Kaukauna plant, the Court finds the District's claim is a non-frivolous claim covered by the second non-contractual category discussed in *Eastport*. Therefore, exclusive jurisdiction lies in the Court of Claims.

■ In reaching this decision, the Court rejects the District's contention that the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.* confers jurisdiction on this Court. The APA does not provide an independent grant of jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1980). Jurisdiction under the APA is available only where there is no adequate remedy at law. Because there is a remedy available in the Court of Claims, this Court does not have jurisdiction under the APA.

■ Similarly, the Court rejects the District's contention that 28 U.S.C. § 1331 confers jurisdiction on this Court. Although Public Law 94–574 revised section 1331 to remove the jurisdictional requirement for federal question jurisdiction over monetary claims against the United States, the Amendments do not provide a waiver of sovereign immunity so as to allow district

courts to exercise federal question jurisdiction over monetary claims against the United States. *Clark v. United States*, 596 F.2d 252 n.1 (7th Cir. 1979).

Finally, the Court notes that 28 U.S.C. § 1406(c) directs district courts to transfer cases within the exclusive jurisdiction of the Court of Claims to that Court "if it be in the interest of justice." Because neither party has addressed the different factors bearing on such a transfer, the Court does not deem it appropriate to *sua sponte* transfer this action. Therefore, to allow the parties to present their arguments on this matter, the Court hereby requests both parties to notify the Court within 10 days of the date of this memorandum and order of their position regarding transfer of this action. After it receives the parties' correspondence, the Court will determine whether to dismiss or transfer this action. If neither party responds to the Court's request within 10 days of the date of this order, this action will be dismissed.