FAIRVIEW TOWNSHIP, County of York, Commonwealth of Pennsylvania, Northern York County Regional Joint Sewage Authority, Plaintiffs,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., Defendants.

Civ. No. 83–1665.

United States District Court, M.D. Pennsylvania.

Sept. 27, 1984.

John E. Childe, Jr., Dice & Childe, Harrisburg, Pa., A. James Barnes, Stephen G. Pressman, U.S. E.P.A., Carl Strass, U.S. Dept. of Justice, Washington, D.C., for plaintiffs.

James J. Kutz, Allen C. Warshaw, Litigation Section, Robert W. Adler, Bureau of Litigation, Harrisburg, Pa., Harry Nagle, Asst. U.S. Atty., Lewisburg, Pa., Robert Smolski, U.S. E.P.A., Philadelphia, Pa., for defendants.

## OPINION

MUIR, District Judge.

1. Introduction.

This case involves a dispute between the Northern York County Regional Joint Sewage Authority (Authority), the United States Environmental Protection Agency (EPA) and the Pennsylvania Department of Environmental Resources (DER) regarding the Authority's application for a grant under the Federal Clean Water Act, 33 U.S.C. § 1251, et seq., for the purpose of constructing a sewage treatment system. The Defendants in this case include the EPA, the Administrator of the EPA and various EPA officials (hereinafter the Federal De-

fendants). Also named as Defendants are the Pennsylvania Department of Environmental Resources and its Secretary (hereinafter the State Defendants).

In an order dated March 26, 1984, this Court referred to United States Magistrate J. Andrew Smyser the motion of the State Defendants to dismiss this case and the motion of the Federal Defendants to dismiss or, alternatively, for summary judgment. On July 6, 1984, the Magistrate issued his report and recommendation on these motions. The Plaintiffs filed objections to the Magistrate's report on July 16, 1984. Other proceedings in this case are discussed in Magistrate Smyser's July 6, 1984 report and need not be repeated here. Because the Authority has filed lengthy and detailed objections to the Magistrate's report, we have reviewed this case and the issues raised by the Defendants' motions *de novo. See* 28 U.S.C. § 636(b)(1).

■ The Plaintiffs claim jurisdiction of their claims in this Court under the citizen's suit provision of the Clean Water Act, 33 U.S.C. § 1365, the Federal Mandamus Statute, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. §§ 701–706. The Magistrate concluded in his report that because the citizen's suit provision of the Clean Water Act, 33 U.S.C. § 1365, provides a remedy for the alleged failure of the federal defendants to perform a mandatory duty, jurisdiction under the mandamus statute and the Administrative Procedure Act is precluded. As will be discussed below, we question whether the citizen's suit statute provides the remedy which the Plaintiffs seek in this case. Nevertheless, we agree with Magistrate Smyser that to the extent that this Court has jurisdiction of the Plaintiffs' claims, our jurisdiction is based on the specific provision of the Clean Water Act and that basis of jurisdiction precludes jurisdiction under the more general provisions of the mandamus statute and the Administrative Procedure Act. *See* Magistrate's Report at 13; *Allegheny County Sanitary Authority v. United States Environmental Protection Agency,* 732 F.2d 1167, 1176–77 (3d Cir.1984).

2. The Statutes.

As noted above, the exclusive jurisdictional basis for the Plaintiffs' claims in this case is the citizen's suit provision of the Federal Clean Water Act, 33 U.S.C. § 1365. Section 1365 provides, among other things, that "... any citizen may commence a civil action on his own behalf ... against the Administrator [of the EPA] where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 33 U.S.C. § 1365(a)(2). The Section goes on to provide for jurisdiction in the district courts "to order the Administrator to perform such act or duty, as the case may be...." The Plaintiffs allege that the Administrator has failed to perform a mandatory duty established by the "state certification" provision of the Clean Water Act: 33 U.S.C. § 1299.

Section 1299 provides for state certification of applications for grant assistance under the Treatment Works Construction Grant Provisions of the Clean Water Act, 33 U.S.C. § 1281 et seq., and imposes on the Administrator a duty to act expeditiously with respect to certified applications. It also provides that "If the administrator does not approve or disapprove such application within 45 days of receipt, the application shall be deemed approved." The full text of § 1299 reads as follows:

> Whenever the Governor of a State which has been delegated sufficient authority to administer the construction grant program under this subchapter in that State certifies to the Administrator that a grant application meets applicable requirements of Federal and State law for assistance under this subchapter, the Administrator shall approve or disapprove such application within 45 days of the date of receipt of such application. If the Administrator does not approve or disapprove such application within 45 days of receipt, the application shall be deemed approved. If the Administrator disapproves such application, the Administrator shall state in writing the reasons

for such disapproval. Any grant approved or deemed approved under this section shall be subject to amounts provided in appropriation Acts.

Some of the requirements of federal law for treatment works grant assistance are contained in 33 U.S.C. § 1284. Section 1284(b)(1) requires that the grant applicant have "legal, institutional, managerial, and financial capability to ensure adequate construction, operation, and maintenance of treatment works throughout the applicant's jurisdiction, as determined by the Administrator." The Magistrate's report includes a detailed discussion of other provisions of the Treatment Works Construction Grant program which need not be repeated here as background to the following discussion. *See* Magistrate's Report at 3–7.

3. The Facts.

Over a period of approximately the past 10 years, the Northern York County Regional Joint Sewage Authority has been dealing with the EPA and the Pennsylvania Department of Environmental Resources (DER) in an attempt to obtain federal grant assistance for sewage treatment facilities intended to serve four townships, including Fairview Township. In 1976 and 1980, EPA awarded the Authority "Step 1" and "Step 2" grants for investigation of the sewage treatment needs of the area to be served by the Authority and for design of a proposed treatment system. See Magistrate's Report at 7–8. We note parenthetically that the parties dispute the question of whether the EPA's award of Step 1 and Step 2 grants to the Authority is relevant to the present dispute between the parties.

The Plaintiffs' complaint alleges a violation of the Plaintiffs' rights under Federal law arising from the actions of the various Defendants with respect to the Authority's application for a "Step 3" grant. Step 3 grants provide financial assistance for the construction of sewage treatment systems. The Authority submitted an application for a Step 3 grant to the DER for the Department's approval. The DER "certified" the Step 3 application to the EPA on February 1, 1982. *See* 33 U.S.C. § 1299. By letter dated March 15, 1982, the EPA notified the DER that the EPA disapproved the authority's application. *See* Exhibit B attached to the Federal Defendants' brief in support of their motion to dismiss or alternatively for summary judgment.

On April 5, 1982, the Authority submitted a new application for a Step 3 grant to the DER. The DER "certified" the Authority's application to the EPA by means of a letter dated April 13, 1982. *See* Exhibit A4 attached to State Defendants' brief in support of their motion to dismiss. Although it is not apparent from the document itself, the parties seem to agree that the April 13, 1982 letter is a certification for purposes of 33 U.S.C. § 1299. (The Federal Defendants assert, however, that the letter is not a complete certification. *See infra*). The April 13, 1982 letter stated, among other things, that the DER had not performed an "affordability analysis":

Department preparation of the draft project summary and performance of the affordability analysis, as requested in the March 15 letter, are not delegated actions and, therefore, have not been included in this submittal. (A copy of a draft affordability analysis has been prepared by the Authority to assist you in your review of this project. The Department has not evaluated nor has made [sic] any judgment on the contents of the analysis).

On May 26, 1982, the EPA sent a letter to the DER regarding the Authority's April 5, 1982 application for a Step 3 grant. *See* Exhibit C attached to brief in support of Federal Defendants' motion to dismiss or alternatively for summary judgment. The federal defendants maintain that the letter constitutes the EPA Administrator's disapproval of the Authority's Step 3 grant application for purposes of § 1299. The Plaintiffs maintain that the letter is not a disapproval.

4. The State Defendants' Motion to Dismiss.

■ The Magistrate recommends dismissal of the Plaintiffs' claims against the

State Defendants on the ground that this Court has no jurisdiction of those claims. *See* Magistrate's Report at 10–13. We agree. This case is controlled by the Court of Appeals' recent holding in *Allegheny County Sanitary Authority v. United States Environmental Protection Agency*, 732 F.2d 1167 (3d Cir.1984), that the state, its agencies, or officials are not proper defendants in a suit alleging violations of the Federal Clean Water Act. Although the Plaintiffs claim that this case is factually distinguishable from *Allegheny County*, it appears to the Court that those factual distinctions are immaterial. We will therefore adopt the Magistrate's recommendation and grant the State Defendants' motion to dismiss.

5. The Federal Defendants' motion to dismiss, or alternatively, for summary judgment.

The Plaintiffs allege that the Administrator has failed to perform his duty under § 1299 to approve or disapprove within 45 days of its receipt the Authority's application for a sewage treatment plant construction grant. The Plaintiffs maintain that the prerequisites under § 1299 to the Administrator's duty to act on their application within 45 days have been met. Specifically, the Plaintiffs maintain that Pennsylvania was delegated "sufficient authority to administer the construction grant program ...," and that Pennsylvania certified to the Administrator that the Authority's grant application "meets applicable requirements of federal and state law for assistance under this subchapter...." *See* 33 U.S.C. § 1299. The Federal Defendants disagree that these prerequisites have been met.

The Magistrate recommended that the Federal Defendants' motion be granted. The Magistrate adopted the Federal Defendants' argument that the April 13, 1982 letter was not a certification for purposes of 33 U.S.C. § 1299 because it clearly stated that the DER had not performed an "affordability analysis." The Magistrate therefore concluded that the DER had not

certified "to the administrator that a grant application meets applicable requirements of federal and state law for assistance....," 33 U.S.C. § 1299, specifically, the requirement of 33 U.S.C. § 1284 that the authority have "financial capability" to construct, operate, and maintain the proposed sewage treatment works. Because the DER did not fully certify the authority's application, the Administrator had no duty under § 1299 to approve or disapprove the application within 45 days of the date of its receipt. The Magistrate concluded that because the Administrator had no duty under § 1299 and the Plaintiffs did not allege any other failure on the part of the Administrator to perform a non-discretionary duty, the Plaintiffs were not entitled to relief under the citizen's suit provision of the Act, 33 U.S.C. § 1365 and the Federal Defendants should be granted summary judgment.

The Plaintiffs have filed numerous objections to the Magistrate's report with respect to the Federal Defendants' motion and we have reviewed the matter *de novo.*

The Federal Defendants argued in their motion that this Court lacks jurisdiction over the Plaintiffs' claims because the Plaintiffs seek money damages from the United States. They argue that the Court of Claims has jurisdiction of this case because it involves a claim against the United States on the basis of an act of Congress, *see* 28 U.S.C. § 1491(a)(1) (the Tucker Act), and that jurisdiction in the Court of Claims is exclusive because the Plaintiffs seek an amount in excess of $10,000.00. *See* 28 U.S.C. § 1346(a)(2). The Magistrate's report did not address this argument, presumably because the Magistrate recommended that the Federal Defendants' motion be granted on other grounds as discussed above.

In support of their argument that this Court lacks jurisdiction over this case, the Federal Defendants point to the fact that the Plaintiffs' complaint, insofar as it states a claim under the citizen's suit provision of the Clean Water Act, seeks relief in the form of an order directing the Adminis-

trator to approve the Authority's Step 3 grant application or a declaration that the application is deemed approved under 33 U.S.C. § 1299. We agree with the Federal Defendants that the Plaintiffs in this suit seek approval of their grant application which would be tantamount to a money judgment of approximately $14,000,000. *See Concerned Citizens of Bushkill Township v. Costle,* 468 F.Supp. 21 (E.D.Pa. 1978), *aff'd* 592 F.2d 164 (3d Cir.1979).

The parties vigorously dispute the question of whether the Court of Claims has exclusive jurisdiction of this case. Two cases cited by the Federal Defendants directly support their argument that a plaintiff who seeks relief in a district court which would effectively require the EPA Administrator to award grant funds under the program involved in this case must proceed in the Court of Claims. *See Concerned Citizens of Bushkill Township v. Costle,* 468 F.Supp. 21 (E.D.Pa.1978), *aff'd* 592 F.2d 164 (3d Cir.1979); *Heart of the Valley Metropolitan Sewerage District v. E.P.A.,* 532 F.Supp. 314 (E.D.Wis.1981). On the other hand, in *Allegheny County Sanitary Authority v. E.P.A.,* 557 F.Supp. 419 (W.D.Pa.1983), *aff'd* 732 F.2d 1167 (3d Cir.1984), the district court rejected the EPA's assertion that jurisdiction of a suit similar or identical to this case is exclusively in the Court of Claims.

While we think the question of whether or not the Court of Claims has exclusive jurisdiction of the Plaintiffs' claims is a close one, a consideration unrelated to this question leads us to conclude that this Court has no jurisdiction to grant the Plaintiffs the relief they seek.

Monetary damages are not available under the Clean Water Act. *See City of Evansville v. Kentucky Liquid Recycling Inc.,* 604 F.2d 1008, 1014–15 (7th Cir. 1979), *cert. denied,* 444 U.S. 1025, 100 S.Ct. 689, 62 L.Ed.2d 659 (1980); *City of Philadelphia v. Stepan Chemical Co.,* 544 F.Supp. 1135, 1144–46 (E.D.Pa.1982); *Concerned Citizens of Bushkill Township v. Costle,* 468 F.Supp. 21, 26 (E.D.Pa.1978), *aff'd,* 592 F.2d 164 (3d Cir.1979). *See also Middlesex County Sewerage Authority v. National Sea Clammers Association,* 453 U.S. 1, 14–18, 101 S.Ct. 2615, 2623–25, 69 L.Ed.2d 435 (1981). Although the Plaintiffs attempt to distinguish this case from the cases cited above, they point to no authority for the proposition that money damages are available in a case under the Clean Water Act.

For all the foregoing reasons, we will grant the Federal Defendants' motion to dismiss. An appropriate order will be entered.